UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| CURTIS COLEMAN,<br><br>  Petitioner,<br><br>V.<br><br>FRANCISCO QUINTANA, Warden,<br><br>  Respondent. | Civil Action No. 5: 17-271-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Inmate Curtis Coleman has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] This matter is before the Court to conduct an initial screening of Coleman's petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In March 2014, a grand jury in Greeneville, Tennessee issued an indictment charging Coleman and others with two counts of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841 and with conspiracy to possess with intent to distribute 280 or more grams of crack cocaine in violation of 21 U.S.C. § 846. Two months later, Curtis signed an agreement to plead guilty to the conspiracy count in exchange for the dismissal of the two drug trafficking counts. As part of the agreement, Coleman expressly waived his right to collaterally attack either his conviction or his sentence, the sole exception being a motion under 28 U.S.C. § 2255 to assert a claim of prosecutorial misconduct or ineffective assistance of counsel.

Prior to sentencing the probation office issued a presentence report. The report concluded that Coleman had at least two prior felony convictions for controlled substance

offenses under Tennessee law, one for drug possession and one for drug trafficking. As a result, he constituted a "career offender" pursuant to U.S.S.G. § 4B1.1 and his criminal history category was set at VI. Combined with an offense level of 34, the applicable guideline range was 262 to 327 months incarceration. In his sentencing memorandum, Coleman contended that application of the career offender guideline categorically resulted in excessive sentences, and that his punishment would be too severe in light of his criminal history. He therefore requested a 120-month sentence, the mandatory minimum required by 21 U.S.C. § 841(b)(1)(A). In August 2015, the trial court sentenced Coleman to 150 months imprisonment, approximately half the prison term established by the applicable guidelines range. *United States v. Coleman*, 2: 14-CR-28-RLJ-1 (E.D. Tenn. 2014).

In December 2015 Coleman filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, contending that his trial counsel was ineffective for failing to challenge the enhancement of his sentence on the ground that his two prior drug convictions were related and arose out of the same course of conduct. That motion remains pending as of this writing.

In his current § 2241 petition Coleman contends that in light of the Supreme Court's decision in *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016), his prior drug convictions no longer qualify as valid predicate offenses to support the enhancement of his sentence. [R. 1]

Coleman's petition must be denied without prejudice because his motion for relief pursuant to 28 U.S.C. § 2255 remains pending before the trial court. The correct mechanism for a federal prisoner to challenge his or her conviction or sentence is through a motion to vacate filed pursuant to 28 U.S.C. § 2255(a). *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). A habeas corpus petition under 28 U.S.C. § 2241 may only be used

to challenge a federal conviction under very narrow circumstances where § 2255(a) provides a remedy that is structurally inadequate. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003).

Here, Coleman's challenge to the enhancement of his sentence is presently pending before the trial court, rendering resort to a § 2241 petition to obtain the same measure of relief premature. *Smith v. United States*, 89 F.3d 835 (6th Cir. 1996) (unpublished disposition) (noting that the "well established general rule is that, absent extraordinary circumstances, the district court should not consider § 2255 motions while a direct appeal is pending.") (quoting *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993)). Because Coleman's § 2255 motion may render his claims in this proceeding moot, he must complete the process of seeking relief via § 2255 before he may make even a colorable argument that his remedy under that section is "inadequate and ineffective." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *White v. Grondolsky*, No. 6: 06-309-DCR, 2006 WL 2385358, at *3 (E.D. Ky. Aug. 17, 2006).

Even if this were not so, the collateral attack waiver in Coleman's plea agreement precludes him from challenging his sentence in a § 2241 petition. *Muse v. Daniels*, 815 F. 3d 265, 266 (7th Cir. 2016) (holding that a collateral attack waiver "would apply equally in a proceeding under § 2241, had not § 2255(e) taken precedence, for § 2241 is a form of collateral attack."); *Muller v. Sauers*, 523 F. App'x 110, 112 (3d Cir. 2013) ("Muller's plea agreement included a waiver of collateral-attack rights 'in any post-conviction proceeding, including-but not limited to-any proceeding under 28 U.S.C. § 2255.' Therefore, his plea agreement forecloses relief pursuant to § 2241 …"). See also *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001); *Solis-Caceres v. Sepanek*, No. 13-21-HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013) (collecting cases).

3

Accordingly, it is **ORDERED** as follows:

1. Coleman's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **DISMISSED** and **STRICKEN** from the docket.

Entered January 4, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY